IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2011 AUG -2 AM 8:48
CLERK
SO. DIST. OF GA.

NATHAN GLOVER,

  Plaintiff,

vs.              CIVIL ACTION NO.: CV211-114

ANTHONY HAYNES, Warden,
and MARVIN SLUSSER,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia ("FSL Jesup"), Georgia, filed a cause of action pursuant to[1] 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Walker v. Dugger</u>, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

---

[1] Plaintiff contends that his cause of action is brought pursuant to 42 U.S.C. § 1983; however, Plaintiff's cause of action is against employees of the federal government. Therefore, his cause of action is appropriately brought pursuant to <u>Bivens</u>.

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff seeks to hold Defendant Haynes liable in his official capacity. A lawsuit against a prison official in his official capacity is no different from a suit against the government itself; such a defendant is immune. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To the extent Plaintiff wishes to pursue his claims against Defendant Haynes in his official capacity, this claim should be **dismissed**.

Plaintiff asserts that he brings his cause of action pursuant to 28 U.S.C. § 2241(e)(2). This statute pertains to "the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and

2

has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination." 28 U.S.C. § 2241(e)(2). There being no evidence that Plaintiff meets the plain language of this statute, any claims brought pursuant to § 2241(e)(2) should be **dismissed**.

Finally, Plaintiff requests that the Court investigate conditions at FSL Jesup. The administration of federal penal institutions lies within the purview of the Bureau of Prisons, not the courts. See Bell v. Wolfish, 441 U.S. 520, 529 n.11 (1979). Plaintiff's request should be **denied**.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendant Haynes in his official capacity and his claims brought pursuant to 28 U.S.C. § 2241(e)(2) be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's request for an investigation be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)