FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 MAR 21 AM 10:51
CLERK _Cadell_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHAN GLOVER,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV211-114

ANTHONY HAYNES, Warden,
and MARVIN SLUSSER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nathan Glover ("Plaintiff"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendants filed a Motion to Dismiss. Plaintiff filed a Response. The undersigned issued a Report dated December 16, 2011, recommending that Defendants' Motion to Dismiss Plaintiff's Complaint be granted in part and denied in part. Defendants filed a Motion for Reconsideration requesting that the undersigned vacate, in part the December 16, 2011, Report. Plaintiff filed Objections to the same Report and a Response to Defendants' Motion for Reconsideration. In an Order dated January 5, 2012, the undersigned vacated the December 16, 2011, Report. In that same Order, the undersigned construed Defendants' Motion for Reconsideration as a motion for summary judgment and as a supplement to their Motion to Dismiss. The

undersigned construed Plaintiff's Objections and Plaintiff's Response to Defendant's Motion for Reconsideration as a supplement to his Response to Defendants' Motion to Dismiss.

Defendants have now filed a Supplemental Brief in support of their Motion for Summary Judgment as to Plaintiff's Eighth Amendment claim. Plaintiff has filed a Response to Defendants' Supplemental Brief. In that Response, Plaintiff moved for summary judgment based upon his "affidavits." Plaintiff called portions of all of the relevant documents, including his Complaint, "affidavits" and made conclusory allegations in all. The Court has accepted as evidence portions of the "affidavits" that arguably state facts as opposed to conclusory allegations. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED** in part, and Defendants' Motion for Summary Judgment should be **GRANTED**. Plaintiff's "motion for summary judgment" should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Slusser denied him equal treatment due to his race. Specifically, Plaintiff asserts that Defendant Slusser denied him equal consideration to that of white inmates for camp placement. Additionally, Plaintiff avers that Defendant Slusser hung in his office window a black doll with a noose around its neck, which Plaintiff considered to be a racial hate crime. Plaintiff states that he filed grievances against Defendant Slusser following the alleged acts of racial mistreatment and alleges that, as a result of those grievances, Defendant Slusser retaliated against him by verbally threatening to transfer him to a "gang banging prison" and by failing to remedy a mold problem in Plaintiff's cell. Plaintiff alleges that the conditions in his cell

2

caused him to become physically ill and that he was denied medical treatment. Finally, Plaintiff alleges that Defendant Haynes failed to intervene in any of these alleged wrongdoings by his subordinate, Defendant Slusser. Plaintiff seeks an Order from this Court instructing the Bureau of Prisons ("BOP") to grant him equal consideration for camp placement. Plaintiff seeks damages for the physical injury that he has allegedly suffered due to his cell conditions. Plaintiff also seeks punitive damages for his mental anguish.

Defendants contend that Plaintiff's Complaint should be dismissed. Defendants state that they are entitled to qualified immunity as to each of Plaintiff's claims. Defendants also aver that Plaintiff has failed to state a claim for retaliation upon which relief may be granted. Defendants contend that Plaintiff has not exhausted administrative remedies as to the retaliatory threat of transfer to another prison. Defendants further contend that Plaintiff has failed to state a claim for denial of equal protection upon which relief may be granted as to Defendant Haynes. Defendants also state that Plaintiff has failed to state a claim for deliberate indifference upon which relief may be granted. Finally, Defendants contend that Plaintiff has failed to allege a physical injury as required for an award of punitive damages.

Additionally, Defendants contend that they are entitled to summary judgment as to Plaintiff's claims for deliberate indifference against both Defendants.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but

3

it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). In making this determination, a court must construe the complaint in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002).

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A

4

judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).

AO 72A
(Rev. 8/82)

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Plaintiff's equal protection claim

To establish an equal protection claim, a prisoner must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 12 (11th Cir. 2010) (quoting Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001)).

### A. Defendant Slusser

Defendants assert, in their Motion to Dismiss, that Defendant Slusser is shielded from liability under a theory of qualified immunity. (Doc. No. 20-2, pp. 15–20). Qualified immunity protects a government official performing discretionary functions from suit in his individual capacity, so long as his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). The Supreme Court has established a two-part test to determine the applicability of qualified immunity. The court must determine (1) whether plaintiff's allegations, if true, establish a violation of a constitutional right, and (2) whether the right

AO 72A
(Rev. 8/82)

was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001)[1]; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

### 1. Camp placement

Plaintiff alleges that Defendant Slusser denied him equal consideration to that of white inmates with regard to camp placement due to his race. (Doc. No. 1, pp. 6–7). Plaintiff does not identify a similarly-situated inmate outside of his protected class who was treated more favorably by Defendant Slusser with regard to camp placement. As a result, Plaintiff has failed to state a claim against Defendant Slusser for violation of Plaintiff's equal protection rights with regard to camp placement. This portion of Defendants' Motion to Dismiss should be **granted**.

### 2. The doll incident

Plaintiff also alleges that Defendant Slusser hung in his office window a black doll with a noose around its neck, which Plaintiff considered to be a racial hate crime. (Doc. No. 1, p. 7). Plaintiff's allegations, if true, do not establish that he was similarly situated with other prisoners who received more favorable treatment. Therefore, Plaintiff's allegations, even if true, fail to state a claim for an equal protection violation, and Defendant Slusser is entitled to dismissal of this claim. As a result, this portion of Defendants' Motion to Dismiss should be **granted**.

### B. Defendant Haynes

Defendants assert, in their Motion to Dismiss, that Plaintiff has failed to state a claim for denial of equal protection upon which relief may be granted as to Defendant

---

[1] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

Haynes. (Doc. No. 20-2, pp. 29–30). Defendants correctly state that Defendant Haynes is not liable for the unconstitutional acts of his subordinate in this <u>Bivens</u> action. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In a <u>Bivens</u> suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> at 1948. Plaintiff did not allege in his Complaint that Defendant Haynes discriminated against him through his own actions; as a result, Plaintiff has failed to state a claim against Defendant Haynes for denial of equal protection.[2] This portion of Defendants' Motion to Dismiss should be **granted**.

## II. Plaintiff's retaliation claim

Defendants contend, in their Motion to Dismiss, that Plaintiff has failed to state a claim for retaliation upon which relief may be granted. (Doc. No. 20-2, pp. 23–27). Defendants also assert that they are shielded from liability under a theory of qualified immunity. (Doc. No. 20-2, p. 31). The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. <u>Smith v. Mosley</u>, 532 F.3d 1270, 1276 (11th Cir. 2008). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints." <u>Id.</u>

---

[2] In his Objections to the Magistrate Judge's December 16, 2011, Order, which have been construed as a supplement to Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff attempts to allege supervisory liability against Defendant Haynes by stating, "Warden Haynes condoning made it institutional custom." (Doc. No. 27, p. 2). Plaintiff has provided no facts in support of his assertion that Defendant Haynes customarily condones racial discrimination at FCI Jesup. As a result, Plaintiff has failed to state a claim against Defendant Haynes for denial of equal protection.

(citations omitted). To state a claim for retaliation the inmate must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (citation omitted).

### A. Defendant Slusser

#### 1. Plaintiff's cell condition

Plaintiff states that he filed grievances against Defendant Slusser following the alleged acts of racial mistreatment and alleges that, as a result of those grievances, Defendant Slusser retaliated against him by failing to remedy a mold problem in Plaintiff's cell, which led to Plaintiff becoming physically ill. (Doc. No. 1, pp. 8–9). Plaintiff has not alleged that Defendant Slusser had any decision-making authority regarding his cell. Furthermore, Plaintiff has not alleged that Defendant Slusser was even aware of the alleged mold and Plaintiff's alleged health problems.[3] As a result, Plaintiff has not alleged that Defendant Slusser took any adverse actions against him relating to his cell or that Defendant Slusser had a duty to act and failed to do so. Plaintiff has failed to state a claim against Defendant Slusser for retaliation with regard to his cell conditions. This portion of Defendants' Motion to Dismiss should be **granted**.

#### 2. Defendant Slusser's alleged verbal threat of transfer to a different prison

Plaintiff states that he filed grievances against Defendant Slusser following the alleged acts of racial mistreatment and alleges that, as a result of those grievances, Defendant Slusser retaliated against him by verbally threatening to transfer him to a

---

[3] To the extent that Plaintiff makes such an allegation in his Response to Defendants' Motion for Summary Judgment, (Doc. No. 33), Plaintiff still has not shown that Defendant Slusser had any decision-making authority regarding his cell.

9

"gang banging prison." (Doc. No. 1, p. 7). Plaintiff's allegations, if true, arguably establish a violation of First Amendment freedom of speech, a clearly established right. As a result, Plaintiff has stated a claim for retaliation, and Defendant Slusser is not entitled to dismissal of this claim based on qualified immunity.

However, Defendants contend that Plaintiff has not exhausted administrative remedies as to the alleged retaliatory threat of transfer to another prison. (Doc. No. 20-2, p. 27). Plaintiff argues in response that not every threatening statement must be brought in its own administrative remedy request; he states that "once it is stated that continuous attacks are being made then that covers all in that time period." (Doc. No. 22, pp. 4–5).

BOP Program Statement P1330.16, dealing with the administrative remedy program, requires an inmate to place a single complaint or a reasonable number of closely related issues on the appropriate administrative remedy request form. Plaintiff alleged two different acts of retaliation by Defendant Slusser, a verbal threat of transfer to another prison and failure to address mold in Plaintiff's cell, each of which amounts to a different complaint. Plaintiff was required to file an administrative remedy request as to each complaint. According to BOP Program Statement P1330.16, in order to exhaust administrative remedies as to a complaint, an inmate must file a request for administrative remedy at the institutional level (the prison), and must appeal any resolution with which the inmate is dissatisfied to the Regional Director and then to the General Counsel.

Defendants state that Plaintiff did not file an administrative remedy request at the first level, the institutional level, with regard to his complaint of Defendant Slusser's

10

verbal threat of transfer to another prison; they aver that this complaint first appears at an appellate level of the administrative remedy process for Administrative Remedy 627433. (Doc. No. 20-1, pp. 6–7). Upon review of Administrative Remedy Number 627433-F1, the institutional level request for Administrative Remedy 627433, it is clear that Plaintiff did not state a grievance with regard to alleged retaliation by Defendant Slusser in the form of a threat of transfer to a "gang banging prison." (Doc. No. 26-1, p. 1). That grievance first appears in Administrative Remedy Number 627433-R1, an appellate level of the administrative remedy process for Administrative Remedy 627433. (Doc. No. 26-1, p. 3). According to BOP records, the only other administrative remedy request alleging retaliation is Administrative Remedy Number 616171-F1, which was not appealed to the General Counsel. (Doc. No. 20-1, pp. 8–12). As a result, Plaintiff did not correctly complete the administrative remedy process with respect to alleged retaliation by Defendant Slusser in the form of a threat of transfer to a "gang banging prison." This portion of Defendants' Motion to Dismiss should be **granted**.

### 3. The doll incident

Although it is not clear in his Complaint, Plaintiff states in his Objections to the Magistrate Judge's December 16, 2011, Order, which have been construed as a supplement to Plaintiff's Response to Defendants' Motion to Dismiss, that Defendant Slusser's alleged hanging of a black doll was "not only [an] Equal Treatment violation but also a form of retaliation for this was done after several Black Inmates had written Slusser up including this Plaintiff." (Doc. No. 27, p. 1 (emphasis omitted)). Plaintiff has not shown that Defendant Slusser's alleged hanging of a black doll was directed at him. At most, Plaintiff has stated a conclusory allegation regarding the reasoning for
11

Defendant Slusser's alleged hanging of a black doll. Plaintiff has provided no facts showing that there is a causal connection between his filing of grievances and Defendant Slusser's alleged hanging of a black doll. As a result, this claim should be **dismissed.**[4]

### B. Defendant Haynes

Defendant Haynes is not liable for any alleged unconstitutional acts of his subordinate in this Bivens action. See Iqbal, 129 S. Ct. at 1949. Plaintiff did not allege in his Complaint that Defendant Haynes retaliated against him through his own actions; as a result, Plaintiff has failed to state a claim against Defendant Haynes for retaliation. This portion of Defendants' Motion to Dismiss should be **granted**.

### III. Plaintiff's deliberate indifference claim

Defendants contend, in their Motion to Dismiss, that Plaintiff has failed to state a claim for deliberate indifference upon which relief may be granted. (Doc. No. 20-2, p. 30). Defendants also assert that they are shielded from liability under a theory of qualified immunity. (Doc. No. 20-2, pp. 20–23). The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). Deliberate indifference "requires more than ordinary lack of due care for the prisoner's interests or safety." Id. (internal punctuation and citation omitted). Importantly, with regard to a prison official's state of mind, a subjective

---

[4] Defendants did not move for dismissal of this claim because it was not clearly brought in Plaintiff's Complaint. However, Plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted.

12

standard is used, requiring the prison official to know of and disregard an excessive risk to inmate health or safety. Id. at 837. "[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. citation omitted). With regard to the second prong, the Court of Appeals for the Eleventh Circuit applies the Farmer standard "requiring that a defendant know of and disregard an excessive risk to an inmate's health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). To show a violation of the Farmer standard, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327 (alteration in original) (citation omitted).

A. Defendant Slusser

Defendants correctly assert that "[Plaintiff] fails to allege that [Defendant] Slusser was aware at all of the alleged presence of mold, of his allegedly mold-related health

13

concerns, or of his alleged need for medical care."[5] (Doc. No. 20-2, p. 30). As a result, Plaintiff cannot prove that Defendant Slusser knew of and disregarded the alleged risk to Plaintiff's health. Plaintiff has failed to state a claim against Defendant Slusser for deliberate indifference. This portion of Defendants' Motion to Dismiss should be **granted**.

### B. Defendant Haynes

Defendants contend that Plaintiff has failed to state a claim for deliberate indifference against Defendant Haynes because Plaintiff alleges mere negligence on the part of Defendant Haynes. (Doc. No. 20-2, p. 30; Doc. No. 1, p. 24). However, Plaintiff asserts that Defendant Haynes "knowingly" failed to act with regard to the alleged harmful conditions in Plaintiff's cell. (Doc. No. 1, p. 11). Plaintiff also alleges physical injury caused by his cell conditions that, at the motion to dismiss stage, could amount to a serious medical need. (Doc. No. 1, pp. 7, 9). Construing Plaintiff's Complaint in a light most favorable to him, Plaintiff has arguably stated a claim for deliberate indifference against Defendant Haynes. Plaintiff's allegations, if true, establish a violation of a clearly established right under the Eighth Amendment. As a result, Defendant Haynes is not entitled to dismissal of this claim based on qualified immunity.

However, Defendants have also moved for summary judgment as to Plaintiff's Eighth Amendment claim against Defendant Haynes. Plaintiff's medical records show that between July 6, 2010, and February 14, 2011, Plaintiff suffered from chronic hypertension and three separate temporary respiratory-related illnesses. (Doc. No. 22,

---

[5] To the extent that Plaintiff makes such an allegation in his Response to Defendants' Motion for Summary Judgment, (Doc. No. 33), Defendant Slusser would be entitled to summary judgment for the same reason as Defendant Haynes, as discussed below.

AO 72A
(Rev. 8/82)

pp. 15–29). During that same time, Plaintiff suffered from one incident of temporary dermatitis/eczema due to an unspecified cause and one incident of temporary pseudo folliculitis of the scalp. (Id.). Defendants argue that the "occurrence of three respiratory-related illnesses over a seven-month period is not objectively alarming, and it is not evidence of a serious medical condition." (Doc. No. 26, p. 6). Defendants also note that Plaintiff never sought follow-up treatment for his dermatological issues. (Doc. No. 26, p. 7). Finally, Defendants assert that none of Plaintiff's medical issues were attributed to the presence of mold in his cell. (Doc. No. 26, pp. 7–8).

At the summary judgment stage, the Court reads Plaintiff's allegations in a light most favorable to him and therefore attributes knowledge of the alleged mold problem to Defendant Haynes. However, Plaintiff has not shown that his medical problems were attributed to mold in his cell;[6] therefore, he cannot prove that Defendant Haynes knew that the alleged mold created a risk of serious harm. Without that causal connection, Plaintiff cannot succeed on a claim for deliberate indifference against Defendant Haynes. Defendants' Motion for Summary Judgment should be **granted**.

## IV. Punitive damages

Defendants correctly assert that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The plaintiff "must demonstrate more than a *de minimis* physical injury[;]" however, "[n]ominal damages are appropriate if a plaintiff establishes a violation of a

---

[6] The Court has not ignored Plaintiff's continuous assertions that the alleged mold caused his health problems. However, Plaintiff's assertions are mere conclusory allegations which are not substantiated by his medical records. Furthermore, Plaintiff has not been qualified as an expert to provide an opinion as to the cause of his medical problems under Federal Rule of Evidence 702.

15

fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009) (second alteration in original). Defendants contend that Plaintiff has failed to allege a physical injury as required for an award of punitive damages because Plaintiff's alleged injuries are at best de minimis. (Doc. No. 20-2, p. 30). When a plaintiff has "not produce[d] evidence that he has suffered anything more than minimal or temporary physical effects from his confinement[,]" he has not shown that his injury is more than de minimis. Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009). Plaintiff's medical records show that his illnesses were of temporary duration and treatable. This portion of Defendants' Motion to Dismiss should be **granted**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** in part and that Defendants' Motion for Summary Judgment as to Eighth Amendment Claim be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's "motion for summary judgment" be **DENIED**.

SO REPORTED AND RECOMMENDED, this 21st day of March, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)