IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHAN GLOVER,

    Plaintiff,

vs.

                                      CIVIL ACTION NO.: CV211-114

ANTHONY HAYNES, Warden,
and MARVIN SLUSSER,

    Defendants.

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated March 21, 2012, which recommended that Defendants' Motion to Dismiss be granted in part, that Defendants' Motion for Summary Judgment be granted, and that Plaintiff's "motion for summary judgment" be denied. Plaintiff has brought some general objections as well as objections to several of the specific recommendations made by the Magistrate Judge. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

### I. Plaintiff's general objections

Plaintiff states that he first objects to the Magistrate Judge's Report pursuant to Crawford-El v. Britton, 523 U.S. 574 (1998), wherein the Supreme Court decided that a plaintiff bringing a constitutional action against a government official for damages, for which the official's improper motive is a necessary element, does not have to adduce clear and convincing evidence of that official's improper motive in order to defeat the

official's motion for summary judgment. The Magistrate Judge's recommendations are premised upon, in most instances, Plaintiff's failure to state a claim for relief; upon, in one instance, Plaintiff's failure to exhaust administrative remedies; and upon, in one instance, Plaintiff's inability to show a genuine dispute as to any material fact. None of the Magistrate Judge's recommendations were premised upon Plaintiff's inability to adduce clear and convincing evidence.

Next, Plaintiff states that the Magistrate Judge continually overlooked facts by construing everything Plaintiff stated as conclusory allegations. Plaintiff lists five "facts" supposedly overlooked by the Magistrate Judge. Upon review of the Magistrate Judge's Report, it appears that all of these statements were accepted as facts as a result of their inclusion in Plaintiff's several Affidavits.[1] But these facts do not necessarily support the causes of action brought in Plaintiff's Complaint, as discussed in the Magistrate Judge's Report and below.

Plaintiff asserts that "the Court prejudiced the record by denying 'Discovery' by Interrogatories and by ignoring Rule 56 requirement that affidavits be refuted by affidavit." (Doc. No. 39, p. 2). It should be noted that Plaintiff's objection regarding interrogatories is an objection to the Magistrate Judge's Order dated February 27, 2012, wherein discovery was stayed and Defendants were protected from any requirement to respond to the interrogatories served by Plaintiff. The undersigned agrees with the Magistrate Judge's stay of discovery due to the Defendants' assertion of the defense of qualified immunity, which is pending before the Court. See Ashcroft v. Iqbal, 556 U.S.

---

[1] The Magistrate Judge stated that "[t]he Court has accepted as evidence portions of the "affidavits" that arguably state facts as opposed to conclusory allegations." (Doc. No. 37, p. 2). It is unclear whether Plaintiff's second statement, that "Plaintiff was denied camp while white inmates with greater criminal history were sent," (Doc. No. 39, p. 2), meets the requirements for affidavits set out in Federal Rule of Civil Procedure 56(c)(4); however, the Court has accepted this statement as a fact.

2

662, 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotations and citation omitted). As to Plaintiff's objection relating to affidavits, there is no requirement in Federal Rule of Civil Procedure 56 that affidavits be refuted by affidavits. In pertinent part, the Rule states:

> (c) PROCEDURES
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Defendants were not required to refute Plaintiff's Affidavits with affidavits of their own. Instead, Defendants permissibly relied on Plaintiff's failure to state claims in their Motion to Dismiss and on Plaintiff's medical records in their Motion for Summary Judgment.

Finally, Plaintiff states that "as stated in Affidavit the leaking in white inmates' room in B1 Upper (214 room) and (215 room) required their removal from such conditions, but this Plaintiff being a black inmate was treated different from the white inmate." (Doc. No. 39, p. 3). Plaintiff did not allege an equal protection violation in relation to the mold in his cell in his Complaint. To the extent Plaintiff attempts to use his Objections to the Magistrate Judge's Report and Recommendation to raise new claims, such an attempt is improper. See Thomas v. Kemp, 2010 WL 4860614, *1 n.1 (S.D. Ga. Nov. 23, 2010) (noting that "Objections to a Report and Recommendation are not the proper vehicle in which to attempt to raise additional claims"). Plaintiff's attempt

3

to raise an equal protection claim in relation to the mold in his cell at this stage is improper.

## II. Plaintiff's objections to specific recommendations

### A. Plaintiff's objections to the Magistrate Judge's recommendation of granting Defendants' Motion for Summary Judgment[2]

The Magistrate Judge determined that summary judgment is appropriate on Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Haynes. The Magistrate Judge found that "Plaintiff has not shown that his medical problems were attributed to mold in his cell; therefore, he cannot prove that Defendant Haynes knew that the alleged mold created a risk of serious harm. Without that causal connection, Plaintiff cannot succeed on a claim for deliberate indifference against Defendant Haynes." (Doc. No. 37, p. 15) (footnote omitted).

Plaintiff avers that he "has proven more than causal connection that illness occurred during the time of leak and mold and no medical test shows that illness wasn't caused by this. For it is asserted that the medical records fail to show that Plaintiff still suffers from the respiratory illness and the skin rash hinders his ability to grow his hair back in certain spots." (Doc. No. 39, p. 2). The Court does not dispute Plaintiff's assertion that he still suffers from respiratory illness and the effects of his skin rashes. But Plaintiff has not shown that his health issues were caused by the mold in his cell. The only "evidence" Plaintiff has presented to support his contention that his health issues are caused by the mold in his cell is his own assertion of causation. As the

---

[2] Defendants moved for summary judgment on Plaintiff's Eighth Amendment deliberate indifference claims against both Defendant Haynes and Defendant Slusser. They had previously moved for dismissal of Plaintiff's Eighth Amendment claims. The Magistrate Judge recommended dismissal of Plaintiff's claim against Defendant Slusser and summary judgment on Plaintiff's claim against Defendant Haynes.

4

Magistrate Judge noted, "Plaintiff has not been qualified as an expert to provide an opinion as to the cause of his medical problems under Federal Rule of Evidence 702." (Doc. No. 37, p. 15 n.2). Plaintiff's assertions of causation cannot be construed as evidence for the purpose of defeating Defendants' Motion for Summary Judgment. Because Plaintiff has presented no evidence of causation between his medical problems and the mold in his cell, Plaintiff cannot prove that Defendant Haynes knew that the alleged mold created a risk of serious harm. As a result, Plaintiff cannot prove that Defendant Haynes "acted with deliberate indifference to [Plaintiff's] serious medical need." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).

**B. Plaintiff's objections to the Magistrate Judge's recommendation of dismissal of Plaintiff's claim against Defendant Slusser for retaliation in relation to the doll incident[3].**

The Magistrate Judge determined that Plaintiff's claim against Defendant Slusser for retaliation in relation to the doll incident should be dismissed. The Magistrate Judge found that "Plaintiff has not shown that Defendant Slusser's alleged hanging of a black doll was directed at him. . . . Plaintiff has provided no facts showing that there is a causal connection between his filing of grievances and Defendant Slusser's alleged hanging of a black doll." (Doc. No. 37, pp. 10–11).

Plaintiff correctly states that he "does not have to prove by clear and convincing evidence the motive was improper by Martin Slusser." (Doc. No. 39, p. 3). But in order to state a claim for retaliation, Plaintiff must provide some facts showing that "there is a causal relationship between the retaliatory action and the protected speech." Smith v.

---

[3] Defendants did not move for dismissal of this claim because it was not clearly brought in Plaintiff's Complaint.

Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citation omitted). As the Magistrate Judge determined, Plaintiff provided no facts showing a causal relationship between Defendant Slusser's hanging of a black doll and Plaintiff's filing of grievances against Defendant Slusser. Plaintiff has not provided any evidence showing that Defendant Slusser's hanging of a black doll was a result of Plaintiff's grievances. See O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) ("An inmate may maintain a cause of action for retaliation . . . by showing that a prison official's actions were *the result of* [the inmate's] having filed a grievance[.]") (emphasis and first alteration in original) (internal quotations and citation omitted).

**C. Plaintiff's objections to the Magistrate Judge's recommendation of granting Defendants' Motion to Dismiss Plaintiff's claim against Defendant Slusser for retaliation in relation to Plaintiff's cell condition and Plaintiff's claim against Defendant Slusser for deliberate indifference**

The Magistrate Judge determined that Plaintiff's claim against Defendant Slusser for retaliation in relation to Plaintiff's cell condition and Plaintiff's claim against Defendant Slusser for deliberate indifference should be dismissed. With regard to Plaintiff's retaliation claim, the Magistrate Judge found that "Plaintiff has not alleged that Defendant Slusser had any decision-making authority regarding his cell." (Doc. No. 37, p. 9). With regard to Plaintiff's deliberate indifference claim, the Magistrate Judge found that Plaintiff did not allege in his Complaint that Defendant Slusser was aware of the presence of mold in his cell, and, to the extent that Plaintiff made such an allegation in his Response to Defendants' Motion for Summary Judgment, Defendant Slusser would

be entitled to summary judgment for the same reason as Defendant Haynes, as discussed above. (Doc. No. 37, pp. 13–14).

Plaintiff "asserts that the Magistrate is wrong by stating that he has not shown that Defendant Slusser was not involved in denying his room change, for Plaintiff has provided by Affidavit that Slusser with Counselor Mallard let him know they won't move him[.]" (Doc. No. 39, p. 3). Even accepting as fact Plaintiff's assertion that Defendant Slusser told Plaintiff that Plaintiff would not be moved to a new cell, Plaintiff still has not shown that he can prove his claims. As the Magistrate Judge noted, Plaintiff has not alleged that Defendant Slusser had any decision-making authority regarding his cell. As a result, Plaintiff has not alleged that Defendant Slusser took any adverse action against him relating to his cell or that Defendant Slusser had a duty to act and failed to do so. Consequently, Plaintiff has not stated a claim against Defendant Slusser for retaliation with regard to his cell conditions. Additionally, to the extent that Defendant Slusser knew of the mold in Plaintiff's cell, Defendant Slusser is entitled to summary judgment on Plaintiff's deliberate indifference claim for the same reason Defendant Haynes is entitled to summary judgment, as discussed above.

**D. Plaintiff's objections to the Magistrate Judge's recommendation of granting Defendants' Motion to Dismiss Plaintiff's claim against Defendant Slusser for retaliation in relation to Defendant Slusser's alleged verbal threat of transfer to a different prison**

The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies with respect to his claim against Defendant Slusser for retaliation in relation to Defendant Slusser's alleged verbal threat of transfer to a

7

different prison. Plaintiff asserts that this claim was exhausted because Administrative Remedy Number 627433-F1, the institutional grievance, encompassed several verbal attacks. Upon review of all three levels of Administrative Remedy 627433, it is clear that this particular grievance first appears in Administrative Remedy Number 627433-R1, an appellate level of the administrative remedy process for Administrative Remedy 627433. (Doc. No. 26-1, pp.1, 3). Plaintiff avers that he could not state his grievances with specificity at the institutional level because those grievances go to Defendant Slusser. However, in his institutional grievance, Plaintiff felt comfortable detailing other verbal threats allegedly made. Plaintiff's argument does not persuade the Court to excuse his failure to properly exhaust his administrative remedies with regard to his claim against Defendant Slusser for retaliation in relation to Defendant Slusser's alleged verbal threat of transfer to a different prison.

### III. Conclusion

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court.

Defendants' Motion to Dismiss is **GRANTED** in part. Plaintiff's claims for violation of his equal protection rights against Defendants Slusser and Haynes are **DISMISSED**. Plaintiff's claims for retaliation against Defendant Slusser with regard to Plaintiff's cell condition and Defendant Slusser's alleged verbal threat of transfer to a different prison are **DISMISSED**. Plaintiff's claim for retaliation against Defendant Haynes is **DISMISSED**. Plaintiff's claim for deliberate indifference against Defendant

AO 72A
(Rev. 8/82)

Slusser is **DISMISSED**. Plaintiff's claims for punitive damages against Defendants Haynes and Slusser are **DISMISSED**.

Plaintiff's claim for retaliation against Defendant Slusser with regard to the doll incident, which Defendants did not move to dismiss,[4] is **DISMISSED**.

Defendants' Motion for Summary Judgment is **GRANTED** in part.[5] Summary judgment in favor of Defendant Haynes is **GRANTED** on Plaintiff's claim for deliberate indifference.

Plaintiff's "motion for summary judgment" is **DENIED**. The Clerk is directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 9 day of April, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] As previously noted, Defendants did not move for dismissal of this claim because it was not clearly brought in Plaintiff's Complaint. However, Plaintiff has failed to allege facts sufficient to state a claim upon which relief can be granted.

[5] The remaining portion of Defendants' Motion for Summary Judgment, wherein Defendants seek summary judgment in favor of Defendant Slusser on Plaintiff's claim for deliberate indifference against Defendant Slusser, need not be addressed because that claim has been dismissed.

9

AO 72A
(Rev. 8/82)